UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENE L. DEZARN,<br><br>　　　　　Plaintiff,<br>　　vs.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | ) Case No. EDCV 07-586-OP<br>)<br>)<br>) MEMORANDUM OPINION AND<br>) ORDER<br>)<br>)<br>)<br>) |

The Court[1] now rules as follows with respect to the two disputed issues listed in the Joint Stipulation ("JS").[2]

**I.**

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 4, 6.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**DISPUTED ISSUES**

As reflected in the JS, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ properly considered all of the available medical evidence of record including the opinions of treating physicians; and

2. Whether the ALJ has properly considered Plaintiff's subjective complaints, statements of third parties, and properly assessed Plaintiff's credibility.

(JS at 3.)

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /

## III.

## DISCUSSION

**A.  Reversal Is Not Warranted Based on the ALJ's Alleged Error with Respect to the Opinions of Plaintiff's Treating Physicians.**

The ALJ found that Plaintiff had the medically determinable severe impairments of post lumbar laminectomy/fusion, status post bilateral carpal tunnel release surgeries, cervical spondylosis, degenerative disc disease, and fibromyalgia. (AR at 16.) The ALJ found, however, that Plaintiff was capable of a limited range of light work which would allow the performance of her past relevant work as an administrative clerk and receptionist. (Id. at 37.)

Plaintiff contends the ALJ erred in finding her not disabled because the ALJ rejected the opinions of Plaintiff's treating physicians, Dr. Haas, Dr. Danzig, and Dr. Costello, without providing specific and legitimate reasons for doing so.[3] (JS at 4.) Specifically, Plaintiff claims the ALJ failed to discuss Dr. Haas' and Dr. Danzig's recommendation that Plaintiff continue on "total temporary disability" and Dr. Costello's opinion that Plaintiff was incapable of sustaining full-time competitive employment. (Id. at 4-6.) Plaintiff also contends the ALJ failed to comply with the requirements of the Appeals Council prior remand order[4] which

---

[3] Although Plaintiff briefly mentions the opinion of Dr. Campbell, who in March 30, 1998, opined that Plaintiff could "continue working with restriction that she may work half days only" (AR at 131), she apparently does not specifically contend that the ALJ rejected this opinion as there is no further mention or discussion of Dr. Campbell in the JS.

[4] After being denied Social Security Disability Insurance benefits and Supplemental Security Income, Plaintiff filed a request for a hearing by an ALJ. (AR at 82.) An unfavorable decision issued on September 17, 2004. (AR at 599-607.) Plaintiff filed a request for review, and on April 6, 2005, the matter was remanded by the Appeals Council. (Id. at 617-19.) The Appeals Council directed the ALJ on remand to obtain updated medical treatment records from Dr. Haas, address all relevant lay statements and testimony, and further evaluate Plaintiff's

ordered the ALJ to obtain updated treatment records, particularly from Dr. Haas, to include "additional available documentation in support of his prior opinion." (Id. at 4.)

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

**1.    Dr. Haas and Dr. Danzig.**

Dr. Haas performed neurological evaluations in January, August, and October 2003. (AR at 578-81.) He opined that Plaintiff was temporarily and totally disabled. (Id. at 346, 580.) On February 2, 2000, December 13, 1999,

---

subjective complaints. (Id. at 619.) The decision herein was issued after the second hearing on remand.

November 4, 1999, and September 9, 1999, Dr. Danzig also opined that Plaintiff remained temporarily totally disabled.[5] (Id. at 456, 462, 467, 472.)

The ALJ rejected the disability findings of these physicians based on several factors. First, she noted that their records contained "minimal objective signs and findings supportive of a conclusion that the claimant was totally disabled." (Id. at 35.) For instance, in his October 2001 report, Dr. Haas notes that he had not seen Plaintiff since June 2001. (Id. at 346). He also stated that MRI and nerve conduction studies did not show significant worsening of Plaintiff's condition. (Id. at 580.) Similarly, Dr. Danzig's February 2000 report noted that the nerve conduction study results on Plaintiff's left and right hands were borderline to normal. (Id. at 456.) His most current report, dated December 2002, did not state that Plaintiff was disabled. The Ninth Circuit has held that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957; see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). Thus, the Court finds this reason for rejecting the disability opinions of Dr. Haas and Dr. Danzig to be specific and legitimate.

The ALJ also rejected these doctors' opinions because both rendered conservative treatment "with recommendations which have included occupational therapy and wrist braces." (AR at 35.) An ALJ may properly rely on the fact that only conservative treatment has been prescribed. Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001).

Based on the foregoing, the Court finds that the ALJ provided specific and

---

[5] In his final December 28, 2002, report, Dr. Danzig noted his February 2000 finding but declined to state what Plaintiff's current or ultimate functional limitations would be. He also did not provide an opinion of Plaintiff's condition in this later report. (AR at 452.)

legitimate reasons for rejecting the opinions of Drs. Haas and Danzig, and complied with the remand order with respect to obtaining records from Dr. Haas and properly evaluating his opinion.

### 2. **Dr. Costello.**

On May 28, 2004, Dr. Costello completed a Medical Questionnaire and Physical Capacities Evaluation. (AR at 587-88, 589.) Dr. Costello opined that Plaintiff was unable to perform light or sedentary work, could sit, stand, or walk one hour at a time per day, could occasionally lift up to ten pounds, and never lift eleven or more pounds. (Id. at 588-89.) In a letter dated August 18, 2005, Dr. Costello opined that Plaintiff is "permanently and totally disabled." (Id. at 591.)

The ALJ rejected Dr. Costello's opinion based in part on the fact that it contradicted other substantial evidence. (Id. at 35.) The ALJ gave as an example the fact that although Dr. Costello based his opinion on Plaintiff's history of laminectomy, x-rays confirmed "evidence of a former back surgery, they otherwise show only 'minimal' abnormalities." (Id.) The ALJ noted that there otherwise was no good reason demonstrated in the record as to "why the claimant would be limited with regard to sitting for no more than two hours during the day, or limited with regard to standing and walking for only [an] hour during the day." (Id.) As previously noted, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957.

The ALJ also discounted the report because Dr. Costello's reported findings "of trigger point tenderness and decreased range of motion in the lumbar and cervical spine are subjective and within the claimant's control." (Id. at 35-36.) A treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted, as they were in this case. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595,

602 (9th Cir.1999); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995) (see discussion infra Part III.B.1.)

Finally, the ALJ discounted Dr. Costello's finding that Plaintiff's depression and cognitive deficits contributed to her disability,[6] as these conditions were not objectively demonstrated in the record. (AR at 35, 587-91.) As pointed out by the ALJ, Dr. Costello apparently did not perform a mental status examination (AR at 36.) Again, the lack of supporting evidence in the record is a proper consideration when discounting the opinion of a treating physician. Thomas, 278 F.3d at 957.

Based on the foregoing, the Court concludes that the ALJ provided specific and legitimate reasons for rejecting the opinions of Plaintiff's treating physicians.

## B. The ALJ Properly Evaluated Plaintiff's Credibility and the Statements of Third Parties.

### 1. Plaintiff's Credibility.

Plaintiff contends that in finding her not totally credible, the ALJ failed to properly consider Plaintiff's subjective complaints. (JS at 11.) Specifically, she claims the ALJ failed to specify which allegations of pain and/or other symptoms were found not credible. (Id. at 12.) Plaintiff also claims that the reasons for rejecting her testimony were not clear and convincing. (Id.) Finally, she claims that the ALJ failed to consider the factors mandated by Social Security Ruling 96-

---

[6] Dr. Costello stated that "[a]s a result of her significant and chronic medical conditions, we believe [Plaintiff] to be permanently and totally disabled. Besides her significant pain and physical limitations, she would be challenged to remember simple tasks and instructions required for even the most basic job situations." (AR at 591.)

7p.[7] (Id.)

An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors;" "[t]ype, dosage, effectiveness, and adverse side-effects of any medication;" "[t]reatment, other than medication;" "[f]unctional restrictions;" "[t]he claimant's daily activities;" "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment;" and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnell, 947 F.2d at 346-47 (9th Cir. 1991) (en banc) (citations omitted); see also Soc. Sec. Ruling 96-7p; 20 C.F.R. 404.1529

---

[7] The Ruling lists factors to be considered such as: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain and other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. Ruling 96-7p.

(2005); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

The Court agrees with the Commissioner that the ALJ set forth sufficient reasons for finding Plaintiff not entirely credible. First, she noted that Plaintiff's symptoms were managed with conservative care, including physical therapy, trigger point injections, acupuncture, and acupressure. (AR at 34, 286, 345, 452, 455, 459, 471, 478, 491, 520, 577.) These are legitimate bases for a credibility determination. See, e.g., Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (subjective pain complaints properly discredited where claimant received "minimal" and "conservative" treatment).

The ALJ also discounted Plaintiff's credibility because her complaints were inconsistent with other evidence in the record. (AR at 34.) For instance, Plaintiff alleged that her surgeries were not successful, yet her surgeon released her to return to work without restriction. (Id. at 34, 141, 661.) The ALJ also noted that although Plaintiff claims her pain is "unremitting," the record does not reflect that she has any of the signs typically associated with chronic severe pain, such as muscle atrophy, motor weakness, thenar or hypothenar muscle wasting in the

hands, persistent or recurring muscle spasms, consistent neurological deficits, or inflammatory signs. (Id. at 34.) Moreover, Plaintiff has full motion in her wrists and no loss of grip strength. (Id. at 34, 295-96.) Although Plaintiff is diagnosed with fibromyalgia, the ALJ observed that she does not have the symptoms typically associated with this disorder. (Id. at 34, 222.) Further, although Plaintiff complained of memory loss, there was no evidence of this anywhere in the record. (Id. at 34.) See Morgan, 169 F.3d at 600 (ALJ may properly rely on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record).

Finally, the ALJ discounted Plaintiff's credibility because of inconsistent statements in the record. (AR at 34.) Plaintiff testified that she had a sedentary lifestyle, laying down and watching television. (AR at 34, 658.) She also claimed she needed assistance in doing housework and shopping, and can walk a distance of about 60 to 100 feet. (Id. at 34, 654, 657.) As the ALJ pointed out, however, elsewhere in the record Plaintiff reported she walked three to four times a week for thirty minutes at a time. (Id. at 34, 445.) The ALJ also noted that despite Plaintiff's subjective complaints of pain herein, various physicians had characterized Plaintiff as being in no acute distress, and her pain as slight and frequent. (Id. at 34, 217, 221, 446.) The ALJ also noted that Plaintiff's subjective allegations and complaints were less than credible in light of the opinion of examining physician, Dr. David Kim, that Plaintiff magnified the severity of her symptoms. (Id. at 34, 285-99.) The ALJ properly discounted Plaintiff's credibility in light of these various internal inconsistencies in the record. See Orteza, 50 F.3d at 750 (adjudicator may consider inconsistencies in testimony).

Based on the foregoing, the Court finds that the ALJ's adverse credibility determination was proper because (a) the discussion of Plaintiff's credibility reflects consideration of the factors set forth in Social Security Ruling 96-7p, and

(b) the reasons were supported by substantial evidence and were sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony.

### 2. Third Party Witness Credibility.

Plaintiff's mother submitted a third-party statement asserting that on some days Plaintiff was unable to get out of bed, prepare meals, or perform ordinary household chores. (Id. at 114.) She also reported that driving was painful for Plaintiff, and on some days, she was unable to drive. (Id.) Plaintiff's mother indicated that on occasion Plaintiff was unable to sleep, sit for more than fifteen to twenty minutes without severe pain, and that her surgeries were unsuccessful. (Id.) Plaintiff contends that the ALJ failed to properly consider the statement of Plaintiff's mother regarding Plaintiff's physical impairments and resulting limitations. (JS at 13.) Plaintiff further claims this failure violated the remand order of the Appeals Council which required the ALJ to address all relevant lay statements and testimony and provide supporting rationale for the weight assigned. (AR at 619.) The Court disagrees.

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [her] ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)) as well as to unsworn statements and letters of friends and relatives. See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so

without comment. Nguyen, 100 F.3d at 1467. He must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ did not completely discount the statement of Plaintiff's mother, but rather, merely did not "assign much probative weight" to it. (AR at 35.) The ALJ correctly noted that a third-party statement is no proof of disability and that Plaintiff's mother's assessment of Plaintiff's ability to sit for no more than fifteen to twenty minutes at a time without severe pain fell into this category. (Id. at 34, 35.) 20 C.F.R. § 404.1513(d), 416.913(d) (2007) (evidence from third parties such as relatives are deemed "other source" evidence, and may be used to assess the severity of an impairment, not the existence of an impairment itself). The ALJ also noted that the witness statement was inconsistent with the opinions of the qualified physicians who had examined Plaintiff and/or reviewed the evidence and who determined Plaintiff had considerably greater functioning than portrayed either by herself or by her mother's statement. (AR at 35.) For instance, in an opinion dated August 14, 2000, Dr. Kim, an examining physician, precluded Plaintiff only from very heavy work activities. (AR at 35, 296-97.) Dr. Goldman, who examined Plaintiff on August 1, 2000, found no evidence of fibromyalgia. (Id. at 222.) Dr. Costello opined that Plaintiff could sit, stand, and/or walk for one hour at a time. (Id. at 589.) Dr. Nafoosi, a medical expert, testified that Plaintiff could lift twenty pounds on occasion, ten pounds frequently, and sit for eight hours, and stand or walk for six hours. (Id. at 671-72.) Conflicts between the lay witness testimony and the medical evidence may be a valid reason for discounting the credibility of lay witness testimony. See, e.g., Lewis v. Apfel, 236 F.3d 503, 511-12 (9th Cir. 2001).

Based on the foregoing, the Court finds that the ALJ provided sufficient reasons germane to the witness for giving her statement less weight. Thus, there was no error.

## IV.
## **ORDER**

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: June 18, 2008

/s/ Oswald Parada
HONORABLE OSWALD PARADA
United States Magistrate Judge